NVB 7026 (Rev. 6/16)

Ryan Alexander, Esq.
Nevada Bar No. 10845
RYAN ALEXANDER, CHTD.
3017 W. Charleston Blvd #10
Las Vegas, NV 89102
Phone: 702-868-3311

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \* \* \*

In re   WENDY KATHLEEN REGGE          )          **BK:** 25-16501
                                       )          **Chapter:** 7
                                       )          **Adv. No.:** 26-01016
                                       )
                                       )          **STANDARD DISCOVERY PLAN**
          **Debtor(s).**               )               **OR**
                                       )          **REQUEST FOR WAIVER OF**
DOUGLAS ROBERTS, an Individual,        )          **FILING DISCOVERY PLAN**
                                       )
                                       )
          **Plaintiff(s),**            )
vs.                                    )
WENDY KATHLEEN REGGE, an Individual,an )
Individual; and DOES I-X, Unknown Persons or )
          **Defendant(s)**             )

**1.   Discovery Plan**

_____   **Request for waiver of requirement to prepare and file a formal discovery plan.**

The parties certify that all discovery can be completed informally, without the need of court intervention and in conformance of the Standard Discovery Plan, and that the matter will be ready for trial within 120 days, **or**

_____   **A discovery plan is needed or useful in this case.**  Check one:

_____   The parties agree to the standard discovery plan.  The first defendant answered or otherwise appeared on _____ .  Discovery shall be completed within _____days, measured from the date the first defendant answered or otherwise appeared. Discovery will close by _____ .

1

✓    The parties jointly propose to the court the attached discovery plan and scheduling order.  (Use Official Form 35 to the Federal Rules of Civil Procedure.)

____    The parties cannot agree on a discovery plan and scheduling order.   The attached sets forth the parties' disagreements and reasons for each party's position.  (Use Official Form 35 of the Federal Rules of Civil Procedure.)

**Complete parts 2 - 6.**

**2.    Nature of the Case.**  Brief description of the nature of the case, i.e., dischargeability, denial of discharge, turnover, contract, etc.  dischargeability of Plaintiff's personal injury claim

_____

**3.    Jury Trials:**  Check one:

✓    A demand for a jury trial has not been made

____    A demand for a jury trial has been made pursuant to Fed. R. Civ. P. 38(b), and in conformity with LR 9015,  but one or more of the parties does not consent to a jury trial pursuant to 28 U.S.C. § 157(e).

____    It is expressly understood by the undersigned parties they have demanded a jury trial pursuant to Fed. R. Civ. P. 38(b), and in conformity with LR 9015, and have consented to a jury trial pursuant to 28 U.S.C. § 157(e).

An original and two (2) copies of all instructions requested by either party shall be submitted to the clerk for filing on or before _____.

An original and two (2) copies of all suggested questions of the parties to be asked of the jury panel by the court on voir dire shall be submitted to the clerk for filing on or before _____.

**4.    Additional Pleadings.**  Are there any counterclaims, cross claims or amendments to the pleadings expected to be filed?

_____    Yes

✓    No

5.      **Settlement Conference**

_____ A settlement conference is requested.

If checked, a settlement conference is requested no earlier than _____.

____✓____Settlement cannot be evaluated prior to additional discovery.   The parties may later request a settlement conference.

**6.      Trial**

The case should be ready for trial by _January 1, 2027_____ and should take _1-2_____ day(s).

**7.**      All parties ☑ consent/☐ do not consent to this court entering final judgment.

Dated: _June 23, 2026_____      Dated: _June 23, 2026_____

 /s/ Ryan Alexander                             /s/ David Mincin
Signature of Counsel for Plaintiff(s)          Signature of Counsel for Defendant(s)

Type Name, Address and                         Type Name, Address and Telephone
Telephone Number of Counsel                    Number of Counsel

Ryan Alexander, Esq.                           David Mincin, Esq.
Nevada Bar No. 10845                           Nevada Bar No. 5427
3017 W. Charleston Blvd #10                    7465 W. Lake Mead Blvd #100
Las Vegas, NV 89102                            Las Vegas, NV 89128
P: (702) 868-3311                              P: 702-852-1957
F: (702) 822-1133                              Email: dmincin@mincinlaw.com
Email: ryan@ryanalexander.com

3

RYAN ALEXANDER, ESQ.
Nevada Bar No. 10845
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 10
Las Vegas, NV 89102
Ryan@RyanAlexander.com
Phone: (702) 333-8888
Fax: (702) 822-1133
*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>WENDY KATHLEEN REGGE,<br><br>Debtor(s).<br><br>DOUGLAS ROBERTS, an Individual;<br>Plaintiff,<br>v.<br>WENDY KATHLEEN REGGE, an Individual;<br>Defendant(s). | **BK CASE #:** 25-16501-ABL<br>**CHAPTER 7**<br>**ADV. NO.:** 26-01016-ABL<br><br><br>**STIPULATED DISCOVERY PLAN AND<br>SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW<br>REQUESTED** |

Plaintiff DOUGLAS ROBERTS, ("Plaintiff"), and Debtor/Defendant WENDY KATHLEEN REGGE ("Debtor"), by and through their respective counsel, hereby submit the following Stipulated Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(b) for the Court's approval.

**PROPOSED SCHEDULE**

The parties held a scheduling conference under Federal Rule of Civil Procedure 26(f) on June 26, 2026. The parties now submit their proposed discovery plan and scheduling order in compliance with LR 26-1(b).

**1. Discovery Cut-Off Date.**   The Parties propose **120 days discovery** from the scheduling conference. **Discovery would therefore close on October 26, 2026[1].**  This request is due to the facts of the Plaintiff's Complaint including (a) the allegations; (b) Plaintiff's alleged damages; and (e) Defendants' defenses.  The Parties agree that this would be beneficial.

---

[1] October 24, 2026 is a Saturday.

1

**2. Amending the Pleadings and Adding Parties.** The deadline to amend the pleadings and add parties is **August 25, 2026**.

**3. Expert and Rebuttal-Expert Disclosures.** Plaintiff proposes that the deadline to disclose experts is **August 25, 2026**, and the deadline to disclose rebuttal experts is **September 24, 2026**. Defendant does not anticipate that experts will be required, and does not oppose these dates.

**4. Dispositive Motions.** The deadline to file dispositive motions is **November 25, 2026**.

**5. Pretrial Order.** The deadline to file a pretrial order is **December 28, 2026**[2].

**6. Fed. R. Civ. P. 26(a)(3).** The disclosures required by this rule and any objections to them must be included in the joint pretrial order.

**7. Alternative Dispute Resolution.** The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

**8. Alternative Forms of Case Disposition.** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

**9. Electronic Evidence.** The parties certify that they discussed whether to present evidence in electronic format to jurors for the purpose of jury deliberations.

**10.  Initial Disclosures.**    No changes are necessary in the form or requirement for the disclosures under Fed. R. Civ. P. 26(a).  Parties will serve initial disclosures on or before **June 26, 2026**.

**11. E-discovery.** The parties agree that disclosure and discovery of electronically stored information should be produced in Portable Document Format ("PDF Format") to allow for proper and consistent Bates numbering.  The PDF documents are also to be produced in a recognize text Optical Character Recognition ('OCR") format.  If in good faith a party questions the authenticity of an electronically stored document, or for other good faith reason, the party may request the PDF format document to be produced in its native format.

---

[2] December 25, 2026 is a federal holiday.

2

**12. Clawback Agreement.** In the event that any Party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies all other Parties (the "Recipient(s)") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted. Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Claw Back Agreement, the Recipient(s) must return the specified material or documents and any copies within ten days of the notification. The Recipient(s) must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

In the event that the Recipient(s) contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the parties shall follow the process set forth in the Court's 4/8/25 Standing Order for resolving discovery disputes.

**13.     Extensions or modifications of the discovery plan and scheduling order.** In accordance with LR 26-3, any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than twenty-one (21) days before the discovery cut-off date. Therefore, such stipulations or motions shall be made not later than **October 5, 2026**.

//
//
//
//
//
//
//

Ryan Alexander, Chtd.
3017 West Charleston Boulevard Suite 10, Las Vegas, Nevada 89102

3

**14.**     **Email Service:**  The parties consent to electronic service, to the extent the size of the submission permits it, of all court filings, not served through ECF (e.g., filings under seal) and such service shall constitute proper service under FRCP 5(b)(2)(E).  The parties further consent to electronic service of correspondence and discovery, in lieu of other service methods, under FRCP 5(b)(2)(E) on all counsel who have entered an appearance on behalf of the party to be served.

DATED June 23, 2026
RYAN ALEXANDER, CHTD.

 */s/ Ryan Alexander*
RYAN ALEXANDER, ESQ.
Nevada Bar No. 10845
3017 West Charleston Blvd., Ste. 10
Las Vegas, NV 89102
*Attorneys for Plaintiff*

DATED June 23, 2026
MINCIN LAW, PLLC

 */s/ David Mincin*
David Mincin, Esq.
Nevada Bar No. 5427
7465 W. Lake Mead Boulevard, #100
Las Vegas, Nevada 89128
*Attorney for Debtor / Defendant*

**IT IS SO ORDERED:**

_____
**UNITED STATES BANKRUPTCY JUDGE**

**DATED:**_____

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 10, LAS VEGAS, NEVADA 89102

4



## RE: Roberts v. Regge #A-24-900838-C / BK ADV #26-01016 - Proposed DPSO

1 message

**David Mincin** <dmincin@mincinlaw.com>                                      Tue, Jun 23, 2026 at 2:24 PM
To:
Cc: Carol Burke <cburke@mincinlaw.com>, Ryan Alexander <ryan@ryanalexander.com>, Noah Duran
<noah@ryanalexander.com>, Edwardo Martinez <edwardo@ryanalexander.com>

These are fine.  You may submit with my approval.